IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ROBERT C. HOWARD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security Administration, )<br>)<br>Defendant. )<br>_____ ) | C/A No. 8:06-660–CMC-BHH<br><br><br><br><br>**O R D E R** |

      This is an action brought pursuant to Section 205(g) of the Social Security Act, codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security Administration (hereinafter "Commissioner"). The matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and the local rules of this court. For the reasons set forth below, the court adopts the Report. The court, therefore, affirms the decision of the Commissioner.

## I. STANDARD OF REVIEW

      The Magistrate Judge makes only a recommendation to this court as to dispositive matters. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

      The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge concluded that the findings and conclusions of the Administrative Law Judge ("ALJ") were supported by substantial evidence. She, therefore, recommended that this court affirm the decision of the Commissioner which rested on the findings and conclusions set forth in the ALJ's decision.

Plaintiff objects to the Magistrate Judge's recommendation based, primarily, on the dual contentions that: (1) "the 'ALJ gave Plaintiff the benefit of the doubt with regard to his impairments'"; and (2) "vocational expert Robert Ballantyne 'testified that if all of Plaintiff's testimony as to the degree of his limitations was accepted as true, he would not be able to perform any work.'" Dkt No. 19 (Plaintiff's objection memorandum) at 1 (citing Dkt No. 14 (Defendant's memorandum in support of the Commissioner's decision) at 8 & 18). The objection fails because it rests on the faulty premise that Defendant's argument that the "ALJ gave Plaintiff the benefit of the doubt" constitutes a concession the ALJ accepted all of Plaintiff's claims as to the degree of his disabilities as true. Such a premise is clearly contradicted by the record. Moreover, as fully explained in the Report, the ALJ's factual findings and legal conclusions are supported by substantial evidence.

The court, therefore, concurs with the recommendation made by the Magistrate Judge as well as the reasoning set forth in the Report.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

IT IS SO ORDERED.

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 17, 2007

3